132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Misabel FABIAN-JACOBO, Miguel Fabian-Dominguez, Fabiola
Fabian, Rosa Jacobo-De Fabian, Vitaney Fabian, and
Alfredo fabian, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICES
 No. 96-70914, Ayb-qvl-duq, Abn-lsd-nwg, Aug-awv-azm,
A70-862-025, Akl-tig-rwd, Aqd-ywh-smr.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.
Decided Dec. 15, 1997.
 
 Petition for Review of a Decision of the Board of Immigration Appeals
 Before: REINHARDT, LEAVY, and THOMAS JJ.
 M E M 0 R A N D U M*
 The Fabian-Jacobo family petitions for review of a decision by the Board of Immigration Appeals ("BIA" or "the Board") in which the Board reversed the Immigration Judge's ("IJ") grant of suspension of deportation. We agree with the Fabian-Jacobo family that the Board failed to give due deference to the IJ's credibility findings. Accordingly, we grant the petition for review and remand to the BIA for further consideration.
 In order to establish eligibility for suspension of deportation pursuant to § 244(a)(1) of the Immigration and Nationality Act ("INA"), an alien must show 1) continuous physical presence in the United States for a seven-year period immediately preceding the date of his application,[1] 2) during which time the alien must have been a person of good moral character, and 3) his deportation would result in extreme hardship to the alien or to his spouse, parent, or child if such relative is a U.S. citizen or permanent resident alien. 8 U.S.C § 1254(a)(1) (1994). Once the alien establishes statutory eligibility, the Immigration and Naturalization Service ("INS") has discretion to determine whether to grant a request for suspension of deportation.
 After a one-day hearing on the family's application, the IJ found that the family had established through each family member's credible testimony that they had been physically present in the United States since 1985. Specifically, the IJ found, after hearing all the testimony and after viewing the demeanor of each family member,[2] that "each of the respondents, individually, has credibly testified under oath that they entered the United States as a family unit during April during 1985." The IJ additionally found that the children "testified credibly that they did not begin school until 1989 because of the family's concern that if they attempted to enroll earlier, the family would be identified as illegal and expelled from school." Further, the IJ found that the family would suffer extreme hardship if deported back to Mexico. After determining that the family was statutorily eligible for suspension of deportation, the IJ exercised his discretion in their favor and granted their application. On appeal, however, the BIA reversed the IJ because it determined that the family's testimony regarding the date of entry into the United States was not credible.
 While the Board is entitled to make its own findings regarding the credibility of applicants, it may do so only after according "considerable deference" to the IJ's credibility findings. Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994); see also Matter of Kulle, 19 I & N Dec. 318, 331 (1985) (stating that the BIA must accord "substantial deference" to the IJ's credibility determinations). In this case, contrary to its clear duty, the Board gave absolutely no deference to the IJ's finding that the entire Fabian-Jacobo family testified credibly during the day-long hearing. The Board neither acknowledged nor mentioned the IJ's specific credibility findings, much less gave findings any deference. Contrary to the INS's contention during oral argument, the BIA is simply not free to ignore the credibility findings made by IJ.
 * * *
 * * *
 Because the BIA failed to give due deference, indeed, failed to give any deference to the IJ's unequivocal and specific credibility findings, we hold that the BIA abused its discretion in reversing the IJ. Therefore, we grant the Fabian-Jacobo family's petition for review and remand to the BIA for further consideration in light of this disposition.
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In April of this year, the Illegal Immigration Reform and immigrant Responsibility Act of 1996 ("IRIRA") took effect. The new rules regarding "continuous physical presence" are applicable to the family's application, even though deportation proceedings were pending when IIRIRA was enacted. See IIRIRA § 309(c)(5). The Fabian-Jacobo must therefore demonstrate that it was continuously present in the United States for seven years prior to the date on which the order to show cause was served because the accrual of time-in-residence ended when the family was placed in deportation proceedings. See also In re J-J-B, Interim Decision 3309 (BIA, Feb. 20, 1997)
 
 
 [2]
 Indeed, the IJ had two opportunities to hear the family members testify and assess their credibility. Because of a technical error, a transcript of the first hearing was never produced; as a consequence, the IJ held a second hearing concerning precisely the same issues and heard the relevant testimony twice